USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT BROWN, a/k/a ROBERT MILTON,

                 Petitioner,

-against-

WARDEN of Eastern Correctional Facility,

                 Respondent.
------------------------------------------------------------x

05 Civ. 7844 (RMB) (DFE)

**DECISION & ORDER**

## I.    Background

Robert Brown, a/k/a Robert Milton ("Brown" or "Petitioner"), proceeding pro se, filed a petition on or about August 24, 2005 ("Petition") and a Supplemental Petition on or about October 26, 2005 ("Supp. Petition") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his October 10, 2002 conviction following a jury trial in New York State Supreme Court, New York County, of burglary in the second degree and attempted burglary in the third degree in violation of New York Penal Law sections 100.00, 140.20, and 140.25(2). Petitioner, who is currently incarcerated at Woodbourne Correctional Facility, was sentenced as a second violent felony offender to consecutive prison terms of fifteen years on the burglary count and two to four years on the attempted burglary count. People v. Brown, 8 A.D.3d 144, 144-45, 780 N.Y.S.2d 118, 118-19 (1st Dep't 2004). On June 22, 2004, the Appellate Division, First Department unanimously affirmed the conviction but, "as a matter of discretion in the interest of justice," reduced Petitioner's sentence to twelve years on the burglary count and ordered that the two sentences run concurrently. Id. ("The verdict was based on legally sufficient evidence and was not against the weight of the evidence. . . . [but] [w]e find the sentence excessive to the

extent indicated."). On September 20, 2004, the New York Court of Appeals denied Petitioner leave to appeal. People v. Brown, 3 N.Y.3d 704, 818 N.E.2d 674, N.Y.S.2d 32 (2004).

On September 17, 2007, Magistrate Judge Douglas F. Eaton, to whom the matter had been referred, issued a thorough and well reasoned Report and Recommendation ("Report") recommending that the Petition and Supplemental Petition be denied, as follows: (1) the prosecutor did not violate New York Criminal Procedure Law ("C.P.L.") § 710.30 by introducing certain evidence recovered from Brown during his arrest without notifying the defense because C.P.L. § 710.30 does not "appl[y] to physical evidence" (Report at 7); (2) "[t]here is no evidence to suggest that any pertinent [surveillance video] footage was omitted, either purposefully or unintentionally" (id.); (3) Petitioner's claim that the prosecutor failed to provide the defense with Rosario material "'is not a basis for habeas relief, as the Rosario rule is purely one of state law'" (id. at 9 (citation omitted)); (4) Petitioner has "asserted 'perjury' without giving any details" (id. at 12-13); (5) "the consolidation of the two indictments" against Petitioner was not improper because "[u]nder New York law, separate offenses are joinable where . . . [they] are defined by the same or similar statutory provisions" (id. at 13-14); (6) the trial judge's factual finding that the lineup was not unduly suggestive "was clearly reasonable" (id. at 14); (7) "[a]ll of Brown's complaints about his counsel are without merit," as "counsel managed to persuade the jury not to convict on two of the [charged] burglaries. . . . [a]nd managed to get the Appellate Division to reduce [Brown's] sentence" (id. at 15-16); (8) "[t]he arresting officer had probable cause to believe that defendant had committed criminal trespass by entering premises not open to the public" (id. at 16 (citation omitted)); and (9) the razor and screwdriver found in Petitioner's possession "were directly relevant to the charged crimes," not "evidence of an 'uncharged crime'" (id. at 17).

By letter dated September 25, 2007, Respondent urged the Court to adopt the Report. On or about October 1, 2007, Petitioner submitted timely objections to the Report ("Objections").

**For the reasons set forth below, the Report is adopted in its entirety and the Petition is dismissed.**

## II. Standard of Review

The Court "shall make a de novo determination of those portions of [a Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). The Court may adopt any portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985).

Where, as here, the petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## III. Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review including, among other things, the Petition, the Supplemental Petition, the Report, Petitioner's Objections, the record, and applicable legal authorities, and finds that Judge Eaton's determinations and recommendations are supported by the law and the record in all respects. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Petitioner's Objections raise substantially the same

arguments that he presented to Judge Eaton and do not provide a basis for departing from the Report's recommendations.[1]

Judge Eaton properly concluded that:

(1) The prosecutor did not violate C.P.L. § 710.30 by introducing certain physical evidence without providing advance notice to the defense because "[t]here is nothing in § 710.30 that applies to physical evidence." (Report at 7.) See C.P.L. § 710.30;

(2) Petitioner does not have a valid claim for destruction of alleged Brady material because, "[t]here is no evidence to suggest that any pertinent [surveillance video] footage was omitted, either purposefully or unintentionally." (Report at 7-8.) See Arizona v. Youngblood, 488 U.S. 55, 58 (1988);

(3) Petitioner's Rosario claim is not cognizable on federal habeas review because "the Rosario rule is purely one of state law." (Report at 9 (quoting Green v. Artuz, 990 F. Supp. 267, 274 (S.D.N.Y. 1998).) See Van Stuyvesant v. Conway, No. 03 Civ. 3856, 2007 WL 2584775, at *21 (S.D.N.Y. Sept. 7, 2007);

(4) Petitioner's perjury claim has no merit as the alleged "discrepancy is utterly unimportant;" it concerns a lineup that "occurred before Brown was arrested, and obviously did not include Brown." (Report at 13.) See Freeman v. U.S., No. 01 Civ. 0720, 2005 WL 1498289, at *8 (E.D.N.Y. June 17, 2005);

(5) The state did not violate Brown's double jeopardy rights by consolidating for a single trial the charges contained in two indictments (see Report at 14) because "[t]he offenses in the two indictments qualified as 'joinable' under C.P.L. § 200.20(2)(c): Even though they were

---

[1] As to any portions of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically discussed in this Order have been considered de novo and rejected.

4

based upon different criminal transactions, such offenses were 'defined by the same or similar statutory provisions and consequently [were] the same or similar in law[.]'" Shand v. Miller, 412 F. Supp.2d 267, 271 (W.D.N.Y. 2006) (quoting C.P.L. § 200.20(2)(c));

(6) The trial court's factual finding that the lineup was not unduly suggestive "was clearly reasonable" (Report at 14) because "[t]here is no requirement . . . [that] in line-ups the accused must be surrounded by persons nearly identical in appearance." United States v. Reid, 517 F.2d 953, 965 n.15 (2d Cir. 1975);

(7) Brown's "counsel managed to persuade the jury not to convict on two of the burglaries. . . . [and] get the Appellate Division to reduce his sentence." (Report at 15-16.) Petitioner has failed to "establish that his attorney's performance was so deficient that it 'fell below an objective standard of reasonableness.'" DeJesus v. Senkowski, No. 00 Civ. 7926, 2006 WL 2707330, *13 (S.D.N.Y. Sept. 20, 2006) (citation omitted). See Yarborough v. Gentry, 540 U.S. 1, 8 (2003);

(8) "'The arresting officer had probable cause to believe that defendant had committed criminal trespass by entering premises not open to the public.'" (Report at 16 (citation omitted).) As the Honorable Shira A. Scheindlin held in dismissing Brown's claims in a parallel action under 28 U.S.C. § 1983, "based on the information available at the time of arrest, there was probable cause to arrest Milton [a/k/a Brown] for both trespassing and burglary." Milton a/k/a Brown v. Alvarez, No. 04 Civ. 8265, 2005 WL 1705523, at *4 (S.D.N.Y. July 19, 2005); and

(9) "[T]he razor and modified screwdriver recovered from Brown. . . . were directly relevant to the charged crimes" and "were not evidence of an 'uncharged crime'." (Report at 17.) See Garcia-Lopez v. Fischer, No. 05 Civ. 10340, 2007 WL 1459253, at *11 (S.D.N.Y. May 17, 2007).

## IV. Certificate of Appealability

Because Petitioner has not made a "substantial showing of the denial of a constitutional right," the Court will not grant a certificate of appealability. 28 U.S.C. § 2253(c)(2); see Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). Any appeal from this Order will not be taken in good faith. 28 U.S.C. § 1915(a)(3); see Van Stuyvesant, 2007 WL 2584775 at *1; Thrower v. Laird, No. 06 Civ. 4864, 2007 WL 294096, at *1 (S.D.N.Y. Jan. 30, 2007).

## V. Conclusion and Order

For the foregoing reasons, the Court adopts the Report in its entirety. The Petition is dismissed and the Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
November 2, 2007

_RMB_
**RICHARD M. BERMAN, U.S.D.J.**